ELIZABETH WILKINS, APPELLANT' v. ARNOLD STUECKEN and HERMAN B. STUECKEN, Respondents, No. 41195—225 S. W. (2d) 131.

Division Two, December 12, 1949.

1048

*Hendren & Andrae, G. C. Beckham,* and *William H. Wessel* for appellant.

*Ragland, Otto, Potter & Carson* and *Leon P. Embry* for respondents.

WESTHUES, C.—Elizabeth Wilkins filed this suit to recover $25,000 as damages for personal injuries sustained as a result of a collision of a car in which she was riding and a truck of the defendants. From a verdict and judgment in defendants' favor, plaintiff appealed.

Appellant (plaintiff) briefed an assignment of error based on the trial court's ruling in refusing to permit plaintiff's expert witness to testify with reference to the distance in which a car could be stopped. Appellant also briefed three assignments of error based on the giving of three instructions requested by defendants. One of these was a sole cause instruction.

A brief statement of the case will suffice for a determination of the questions presented. At about six o'clock on the afternoon of July 1, 1947, plaintiff was riding in a car driven by her husband on their way from Kansas City to Steelville, Missouri. While going south on Highway 63, a short distance north of Freeburg, Osage County, Missouri, the car collided with a truck driven by de-

fendant Herman Stuecken. Highway 63 at the place in question is of concrete construction 18 or 20 feet wide and from the point of the collision is straight for a distance of about one-quarter of a mile each way. The collision occurred when the driver of the truck going in a northerly direction made a left hand turn for the purpose of going into what the witness called the sawmill road. Plaintiff's husband, J. R. Wilkins, testified that as he was driving south he saw the truck coming north when Wilkins was about one-fourth of a mile from the sawmill road; that the truck was momentarily out of his sight while his (Wilkins') car was passing through a dip in the road. He testified that he again saw the truck as the car came out of the dip which point was about 500 feet from the sawmill road; that he was driving at about 50 or 55 miles per hour; that when he was within about 125 or 150 feet of the sawmill road, the driver of the truck suddenly and without any warning turned the truck to the left into the pathway of his car; that he did all within his power to stop his car but was unable to do so before colliding with the truck. It was conceded by all parties that tire marks were visible on the highway for a distance of about 90 feet north from the point of collision. Wilkins testified he was afraid to turn to the left for fear of meeting cars that might be coming north; that he could not see south beyond the truck because the truck obstructed his view to the south. The truck had on it a stock rack about 6 feet in height. Stuecken, the driver of the truck, testified that he intended to go to a sawmill a short distance west of Highway 63 and was driving about 40 miles per hour; that he reduced his speed to about 15 miles per hour as he approached the sawmill road; that he looked in a rear vision mirror and observed no traffic following him and then looked north, saw no cars coming, and then made a short right angle turn into the sawmill road; that as the rear dual wheels of the truck were passing over the west side of the pavement, he heard a noise of the tires and brakes of the Wilkins' car and then felt his truck swing southwesterly into a ditch south of a culvert on the sawmill road. The truck came to a standstill with the rear wheels in a ditch and the front wheels on the shoulder west of the pavement of Highway 63. The evidence of defendant Herman Stuecken with reference to what he saw and did before he made a left hand turn is important in this case when we come to consideration of the question of the propriety of giving a sole cause instruction. He testified without equivocation that he looked to the north before he made a left hand turn and no cars were in sight; that from the time he began the turn until his truck was struck, he traveled a distance of not over 25 feet; that he was driving about 15 miles per hour. From Stuecken's position before the turn was made he had a clear view of the highway to the north for about 500 feet. There was no evidence to contradict this testimony of Stuecken. In fact it coincided with plaintiff's evidence. The only

conflict in the evidence was that plaintiff's husband testified Stuecken gave no sign of his intention of making a left hand turn while Stuecken testified he did hold out his hand to indicate he intended to turn. Even if Stuecken so signaled, he would still be guilty of negligence under the admitted facts of this case.

The court gave a sole cause instruction (numbered D-6). This instruction summitted the proposition that if the collision was due solely to the negligence of plaintiff's husband in driving his car at an excessive rate of speed, the verdict should be for the defendants. Plaintiff makes the point that no sole cause instruction should have been given because the driver of the truck, one of the defendants, by his own evidence convicted himself of negligence; that he was guilty of negligence as a matter of law. We are of the opinion that plaintiff's contention must be sustained. Under the physical facts of the case it is obvious that when Stuecken turned his truck to the left, the Wilkins car was then in plain view, approaching the point of collision. Under Stuecken's own evidence the collision occurred in less than two seconds from the time he began to turn his truck. The Wilkins car could have been seen for a distance of 500 feet beyond and north of the sawmill road. The Wilkins car even if going at 90 miles per hour would have taken nearly four seconds to travel that distance. Under the evidence most favorable to the defendants, Herman Stuecken, the driver of the truck, was guilty of negligence.

This court in a recent case, Weis v. Melvin, 219 S. W. (2d) 310, l. c. 311 (1-4), ruled that where the evidence showed that a defendant was guilty of negligence as a matter of law then a sole cause instruction should not be given. It was also there held that where there is a duty to look, a failure to observe what is plainly visible constitutes negligence even if the defendant says he looked and did not see.

Respondents in their brief on this point urge that the instruction hypothesized excessive speed and a duty and failure on the part of appellant's husband to turn aside and thereby avoid the collision, etc. We may say that the evidence was such that a jury could well find that appellant's husband was negligent. The reason, however, that an instruction authorizing a finding that appellant's husband was the only party negligent should not have been given is that the defendant Herman Stuecken was guilty of negligence as a matter of law. Therefore, the evidence did not justify such an instruction. We do not find anything in the cases cited by respondents contrary to our ruling. For example, the cases of State ex rel. Thompson v. Shain et al., 351 Mo. 530, 173 S. W. (2d) 406, l. c. 407 (2); Jurgens v. Thompson, 350 Mo. 914, 169 S. W. (2d) 353.

Another instruction given at defendants' request submitted contributory negligence on plaintiff's part, that is, her failure to warn her husband as to speed, etc., as a defense. We may say here that

that seems to us to be the only defense to this action. Such an instruction should be so worded that a jury may understand that it is the contributory negligence, if any, of plaintiff and not that of the driver which would justify a verdict for the defendants.

Instruction No. D-5 given at the defendants' request reads as follows:

"The Court instructs the Jury that even if you find and believe from the evidence in this case that the defendant Herman B. Stuecken was guilty of any of the acts or omissions submitted to you in the other instructions herein, your verdict must, nevertheless, be for the defendants unless you further find and believe from the preponderance or greater weight of the evidence in the case that in any of such particulars, if any, the defendant Herman B. Stuecken, failed to exercise that degree of care which a very careful and prudent person would ordinarily use under the same or similar circumstances."

This instruction simply informed the jury that even though the defendant Herman Stuecken was guilty of negligence as submitted by instructions given at plaintiff's request, yet if the jury found Stuecken exercised the highest degree of care then the verdict should be for the defendants. We think it is evident that the instruction is contradictory, confusing, and incorrect. It should not have been given.

Another question is whether the trial court should have admitted an expert's evidence with reference to the distance in which the car in which plaintiff was riding could have been stopped before the collision. The vital question in deciding this point is, would the evidence have aided a jury in determining the ultimate facts at issue? Respondents in their argument have the following to say:

"Admission of the testimony which was excluded here would have been confusing . . . certainly it would not have aided . . . because the driver of the automobile in which Appellant was riding *did not bring the automobile to a stop*. He admittedly left a pair of unbroken skid marks on a dry concrete pavement for ninety-seven feet, and, having done so, still had such terrific momentum that, with an automobile weighing only four thousand pounds he struck the right wheel of the truck which weighed twice as much as the automobile and, according to evidence in the case, literally knocked the truck completely into the air and spun it through almost, if not altogether, a half circle and into the ditch and seriously damaged the truck."

We are not convinced that evidence concerning the required distance in stopping cars at various speeds would not aid a jury in determining at what speed the Wilkins car was traveling. That was a vital issue in the case. Respondents contended all through the trial that plaintiff should have warned her husband about the speed

1054

at which he was driving.   However, plaintiff made no offer of proof by the expert witness and we cannot say that his evidence would have been helpful.   On a retrial the matter can be determined by the trial judge upon a proper showing as to what evidence plaintiff has to offer.

In view of the errors in giving the instructions D-5 and D-6, the judgment of the trial court is reversed and the cause remanded.

It is so ordered.   *Bohling* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court.   All the judges concur.