Henry LIX (Plaintiff), Appellant,

v.

W. V. GASTIAN (Defendant), Respondent.

No. 29191.

St. Louis Court of Appeals.

Missouri.

Feb. 21, 1956.

E. L. McClintock, Jr., McClintock & Medley, Flat River, for appellant.

Roberts & Roberts, Raymond S. Roberts, Farmington, for respondent.

PER CURIAM.

On the first appeal of this case we reversed a judgment for defendant both on plaintiff's cause of action and on defendant's counterclaim and remanded the cause, with directions, for a new trial of the issues raised by plaintiff's petition and defendant's answer. Lix v. Gastian, Mo.App., 261 S.W.2d 497. The trial of those issues resulted in a verdict and judgment for defendant, from which plaintiff has perfected a second appeal to this court. This opinion should be read in connection with our first opinion, cit. supra. We note the following respects in which the facts developed at the second trial differ from those adduced at the first trial. Wayne Adams, driver of the northbound Chevrolet, did not testify at the second trial. Two passengers in plaintiff's Chevrolet whose testimony was not produced at the first trial testified that when they first saw defendant's automobile it was turning to the left into but had not reached Hickory Street; that defendant's automobile was on their right (the east) side of Monroe Street at the time of the collision, which occurred north of the intersection; that when they first saw defendant's automobile Wayne Adams had already applied his brakes. One of them testified that defendant's car was traveling 10, 15 or 20 miles an hour; that plaintiff's Chevrolet was traveling about 40 or 50 miles per hour, and that Wayne Adams did not turn the Chevrolet any or move it over to the left-hand side of Monroe Street prior to the collision. Defendant Gastian testified at the second trial that his speed was 15 miles an hour (instead of 20); that he first saw plaintiff's Chevrolet when he reached a point 50 or 60 feet (instead of 60–80) north of the intersection, at which time plaintiff's Chevrolet was about 440 feet (instead of 444) south of the intersec-

tion; that when defendant reached a point 30 feet north of the center of Hickory Street or 15 or 20 feet from the north edge of Hickory Street he started to make his left turn, at which time plaintiff's Chevrolet was 148 steps from his car (instead of 350 feet south of Hickory Street); that the speed of plaintiff's Chevrolet was between 60 and 70 miles an hour (instead of 50–60). He testified more fully with respect to the triangular pile of chat or gravel in the intersection, stating that he started to make his left turn just north of the gravel for the reason that "the triangle of chat was there, and I just did not drive over it, because there were no tracks over it, * *." When asked if there was anything to keep him from proceeding to the center of the intersection before making his left turn he answered "Just that chat pile, which was not dangerous there, but there was no tracks across it at all." He testified that the chat was 2 or 3 inches deep and that while he did not suppose that there would be any danger in driving through the chat, he qualified it by saying, "if I would have driven slowly across it;" that it was "untracked or untraveled"; that "it would have been blazing a new trail, because no other cars had ever gone over it."

Plaintiff's first point is that the court erred in refusing to direct a verdict for plaintiff, for the reason that defendant was guilty of negligence as a matter of law as a result of his admitted violation of Section 304.020(6) RSMo 1949, V.A.M.S., which provides that motorists approaching an intersection on a highway with the intention of turning thereat shall in turning to the left, "run beyond the center of such intersection, passing to the right thereof, before turning such vehicle toward the left", and that defendant did not show facts justifying or excusing his failure to comply therewith. This point was decided adversely to plaintiff on the former appeal and the evidence on the issue is sufficiently like that in the record on the first appeal that we again rule that the trial court could not properly have directed the entry of judgment for plaintiff on this basis because

the jury, in considering the assignment of negligence relating to the violation of a statutory duty, might reasonably find a valid excuse for failure on the part of defendant to observe the statutory rule, in view of the evidence of a dangerous obstruction (the pile of chat or gravel).

■ Plaintiff's substantial point is that the court erred in giving Instruction No. IV, a sole cause instruction, for failure to hypothesize sufficient facts to establish that the collision was the result of the sole negligence of Wayne Adams. Instruction No. IV follows:

"The Court instructs the Jury that if you find and believe from the evidence in this case that the damage to plaintiff, Henry Lix's automobile, if any, received at the time and place complained of in this action and as shown by the evidence if so, was the result of the sole negligence, if any, of the driver of plaintiff, Henry Lix's, automobile, if so, and if you find that said sole negligence, if any, consisting of the speed and manner in which the driver of plaintiff, Henry Lix's automobile caused said automobile to be operated on Monroe Street in Desloge, Missouri, as shown by the evidence, if so, or by the failure, if any, of said driver to keep a lookout for traffic operating on Monroe Street in Desloge, Missouri, if so, and that said damage to plaintiff, Henry Lix's automobile, if any, was not due to any negligence on the part of the defendant, William V. Gastian, in any of the particulars set out in other instructions herein, then in that case plaintiff, Henry Lix, is not entitled to recover and you will find your verdict for the defendant, William V. Gastian, on plaintiff, Henry Lix's petition."

We are convinced that the giving of Instruction No. IV constituted reversible error. The instruction is insufficient in form. It does not sufficiently hypothesize the facts relating to excessive speed or failure to maintain a proper lookout. See John-

son v. Cox, Mo.Sup., 262 S.W.2d 13, 14, in which the following clause in a sole cause instruction was held to be an insufficient hypothesis of excessive speed; "* * * 'operated the motorcycle as described in the evidence, * * * or at a rate of speed of approximately 45 to 50 miles per hour, and if you further find that such rate of speed, if any, was high, dangerous and excessive, * * *'" and Pearson v. Kansas City Ice Co., Mo.Sup., 234 S.W.2d 783, 787, in which the following clause in a sole cause instruction was held to be an insufficient hypothesis of failure to maintain a proper lookout: "'said Victor Lee Pearson, Jr. mentioned in evidence failed to keep a reasonably careful or vigilant lookout for traffic and the parked automobile mentioned in evidence.'"

■ For this reason the judgment must be reversed. On a re-trial the court should carefully consider the propriety of submitting any sole cause instruction to the jury. There is a grave question whether a sole cause situation exists if the evidence as to the distance which separated the two vehicles at the time defendant commenced his left turn is fully developed, in view of the holdings in Johnson v. Cox, supra; Wilkins v. Stuecken, 359 Mo. 1047, 225 S.W.2d 131, and Long v. Mild, 347 Mo. 1002, 149 S.W. 2d 853. In order to completely exonerate defendant and find him free of concurring negligence in causing the collision under the doctrine of sole cause or sole negligence there would have to be substantial record evidence from which it could be found or reasonably inferred that the northbound Chevrolet was in a position where no collision with defendant's southbound Chrysler would likely occur when defendant began and was proceeding with his left turn. See cases last cited, supra. If the evidence discloses that defendant is guilty of negligence as a matter of law (not for violation of the statute but at common law for entering the path of the northbound Chevrolet at a time when there was obvious danger of a collision) the giving of a sole cause instruction would constitute reversible error. Weis v. Melvin, Mo.Sup., 219 S.W.2d 310.

The final question raised on this appeal relates to the propriety of the argument made to the jury by defendant's counsel. The same question may arise upon a new trial, so we will consider it. Wayne Adams, driver of the northbound Chevrolet, testified at the first but not at the second trial. The transcript of his testimony at the first trial was required to be and we will assume was on file with the clerk of the circuit court. Section 512.110 (1) RSMo 1949, V.A.M.S. During his argument to the jury counsel for defendant commented on the absence of Wayne Adams, plaintiff's stepson, and argued that plaintiff did not introduce in evidence the transcript of Adams' previous testimony for the reason that it would have shown Adams to be "guilty of sole negligence, and he [sic] could not have recovered and that is why they didn't introduce it," and stated that he, counsel for defendant, had no right to introduce the transcript. Such an argument was improper. The transcript of Adams' testimony could have been "used in the same manner and with like effect as if such testimony had been preserved in a deposition in said cause," Section 492.410 RSMo 1949, V.A.M.S., and was equally available to both parties. No inference may be drawn and no unfavorable comment made in argument on account of the non-production of witnesses whose evidence is equally available to both parties. Belding v. St. Louis Public Service Co., 358 Mo. 491, 215 S.W.2d 506; O'Donnell v. St. Louis Public Service Co., Mo.App., 246 S.W.2d 539; Wipfler v. Basler, Mo.Sup., 250 S.W.2d 982, loc. cit. 989. The argument was improper for the further reason that in it counsel undertook to state to the jury his conclusion as to what Adams' testimony would have established, when that was not revealed by the evidence. Mooney v. Terminal R. Ass'n of St. Louis, 353 Mo. 1080, 186 S.W.2d 450, loc. cit. 455, certiorari denied 326 U.S. 723, 66 S.Ct. 28, 90 L.Ed. 428.

The judgment is reversed and the cause remanded for a new trial on the issues raised by plaintiff's petition and defendant's answer, upon the determination of which final judgment shall be entered for the prevailing party, and, in accordance with our former opinion, for plaintiff on defendant's counterclaim.

M. C. MATTHES, Acting Presiding Judge, WM. R. COLLINSON and DOUGLAS L. C. JONES, Special Judges, concur.