**Harry C. CHRISTIAN and National Cash Register Company, a Corporation, Respondents,**

v.

**Burl JETER and Mabel Jeter, Appellants.**

No. 44658.

Supreme Court of Missouri.

Division No. 2.

March 12, 1956.

Ward & Reeves, Caruthersville, for appellants.

Hyde & Purcell, Poplar Bluff, for respondents.

BOHLING, Commissioner.

Harry C. Christian and National Cash Register Company, a corporation, owner of an automobile operated by Christian, sued Nagib Koury and Phillip Koury, partners, and Burl Jeter and Mabel Jeter, husband and wife, for damages for personal injuries and property loss arising out of a collision between three automobiles. Counterclaims and cross-claims were filed on behalf of the different litigants. Plaintiffs submitted their case on primary negligence and defendants defended on the ground of contributory negligence. Defendants Jeter, who have appealed, state in their brief that the claims between the different parties were disposed of other than the claims between plaintiffs and defendants Jeter. It is sufficient for the purposes of this appeal to state that, upon the verdict of the jury, judgment was entered in favor of Harry C. Christian for $25,000 and in favor of National Cash Register Company for $2,750 and against defendants Burl Jeter and Mabel Jeter; and in favor of plaintiffs and against the several defendants on their counterclaims.

The sole point presented is that the court erred in striking the testimony of J. B. Morgan on stopping distance.

The collision occurred February 7, 1952, about 11 a. m., a mile or two north of the Missouri-Arkansas state line, on United States Highway 61, which at the scene was a two-lane, level, straight, dry highway, 18 feet wide.

Christian was operating plaintiff corporation's 1950 Chevrolet panel truck northwardly in the performance of his duties as serviceman for his co-plaintiff. Defendant Phillip Koury, with his father, Nagib Koury, on the seat with him, was operating his 1951 Chevrolet pickup truck southwardly, on business of the partnership, and Burl Jeter, driving, and Mabel Jeter, on a joint business trip, were following the Koury automobile in their 1951 Cadillac sedan.

There was testimony that Koury was traveling approximately 35 to 40 m. p. h.; Christian, 50 m. p. h.; and the Jeters, 50 to 55 m. p. h.

Christian noticed the approaching southbound automobiles but nothing unusual in the situation, his attention being directed to the Koury truck and the fact that the two would pass on a bridge over a drainage ditch. The length of the bridge was between 55 and 65 feet. When he was south and the other automobiles were north of the bridge he saw the Jeter Cadillac pull over into the east lane to pass the Koury truck. He could not say how far the automobiles were from the bridge at that time. Other witnesses testified the south and northbound automobiles were from 300 to 500 feet apart. Jeter saw plaintiff's automobile approaching and, realizing he did not have time to pass, tried to return to his lane of travel. In doing so the right front of the Cadillac struck the Koury truck, knocked it into the bridge railing and out of control, and the Koury truck then swerved eastwardly into the left side of plaintiff's truck, causing plaintiff's truck and the Cadillac to collide head-on.

Defendants Koury called J. B. Morgan, who stated he had sold automobiles off and on for thirty years, to establish the damage to their truck. On cross-examination by counsel for the Jeters, he testified he thought he was acquainted generally with the distance it would take Christian to stop, and that at 50 miles per hour, it would take 70 feet to stop. Plaintiffs' counsel had interposed timely objections to the witness' qualifications as an expert.

On cross-examination by plaintiffs' counsel the witness testified that he had not made any special tests for stopping cars and trucks; that he did not know how many feet a second a car traveling 50 m. p. h. was moving; that a car traveling 60 m. p. h. was moving "about a foot a second." Asked what he was allowing for reaction time, he asked if that meant after getting your foot on the brake, and, receiving an affirmative reply, stated "a couple of seconds," "two seconds," if you were not expecting an accident; that if one were traveling 70 feet a second, one might travel 140 feet before getting a foot on the brake; that he was talking about stopping after one had his foot on the brake and was ready; that he thought he could stop in seventy feet: "Q. Never did just measure it off? A. Never did just exactly measure it off. Q. It is your guess based on driving? A. Yes, sir." Following this the judge, out of the presence of the jury, stated he thought he had made a mistake in permitting the witness to testify as an expert and instructed the jury to disregard the witness' testimony as to stopping distance upon plaintiffs' counsel indicating he so requested.

Phillip Koury testified Christian could have stopped in 70 to 100 feet.

■ Ordinarily, one with practical experience is qualified to testify as to the distance within which an automobile may be stopped. 9C Blashfield, Automobile Law, 414, § 6237, n. 75. Whatever the subject of inquiry, only qualified witnesses may testify; and to the extent a witness must know whereof he speaks (possess testimonial qualifications), every witness is an expert. A jury of laymen, possessed of the facts, is as competent as a witness to draw conclusions on subjects within the experience and knowledge common to mankind in general, and opinion testimony may be excluded because superfluous. It is stated in 32 C.J.S., Evidence, § 545: "However, for a witness to be qualified, it must be

made to appear that he has had, and utilized, means superior to those available to the jurors or to men in general, for forming an intelligent opinion." Wipfler v. Basler, Mo., 250 S.W.2d 982, 988 [14]. The statement is made in connection with the qualification of a witness on "value," but it is self-evident that conforming qualifications exist with respect to an expert witness on other fact issues. See Bebout v. Kurn, 348 Mo. 501, 154 S.W.2d 120, 125 [5]; Baker v. Kansas City Pub. Serv. Co., 353 Mo. 625, 183 S.W.2d 873, 875 [1, 2].

The qualification of an expert to give an opinion on a proper subject is largely in the discretion of the trial court, and its ruling is not to be overturned unless such discretion has been abused. Baker v. Kansas City Pub. Serv. Co., supra; Ambruster v. Levitt Realty & Inv. Co., 341 Mo. 364, 107 S.W.2d 74, 80 [7]. Defendants concede this, and like statements are in several of their cited cases. Bebout v. Kurn, supra; Wilkins v. Stuecken, 359 Mo. 1047, 225 S.W.2d 131, 135; Fair v. Thompson, 240 Mo. App. 664, 212 S.W.2d 923, 928 [3].

We are of opinion that plaintiffs' cross-examination of witness Morgan disclosed he did not qualify as an expert witness on stopping distances. His testimony on direct examination giving the impression plaintiff could stop in 70 feet is in conflict with the table of stopping distances shown in defendants' cited authority, 9C Blashfield, Automobile Law, 410, § 6237, as well as other like tables that have come to our attention. No abuse of discretion on the part of the court is established.

The judgment is affirmed.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BOHLING, C., is adopted as the opinion of the court.

All concur.