Chester E. GRANTHAM, Appellant,

v.

Fred Lavern HEROD, Respondent.

No. 46384.

Supreme Court of Missouri,

Division No. 1.

Jan. 12, 1959.

Motion for Rehearing or to Transfer to
Court en Banc Denied Feb. 9, 1959.

Morris Dubiner, Robert E. Gregg, Dubiner & Gregg, Thaine Q. Blumer, Kansas City, for appellant.

Wm. Coleman Branton, Allen S. Parish, Kansas City, for respondent. Brewer, Myers & Branton, Kansas City, of counsel.

COIL, Commissioner.

About 7:15 on the dark rainy morning of January 3, 1955, Chester Grantham, plaintiff below, appellant here, while making a left turn in his automobile, was struck by a car driven by Fred Herod, defendant below. Plaintiff claimed damages for personal injuries and a jury returned a defendant's verdict. Plaintiff appealed from the ensuing judgment and contends here that the trial court erred in the admission of evidence and in the giving of instructions.

■ Plaintiff's points on this appeal are such that a brief statement of facts will suffice. Buckner-Lake City Road is in Jackson County and is, for our purposes, an east-west black top about 20 feet wide. Elm Tree Road runs south from the Buckner-Lake City Road. Plaintiff, driving west on the Buckner-Lake City Road, was turning south (left) into Elm Tree Road. Defendant, who had been following and who was preparing to pass, struck the rear bumper of plaintiff's automobile as it was executing the left turn. There was evidence from which a jury reasonably could have found that plaintiff made the left turn without giving any signal of his intention, as required by law, and that defendant was passing at an intersection and that he did not signal his intention to pass, against the admonition of the law.

■ During plaintiff's cross-examination, defendant's counsel apparently developed on a blackboard a free-hand sketch of the intersection and the positions of relevant objects, in accordance with plaintiff's testimony. That is to say, defendant's counsel asked plaintiff, for example, the width of the road, and would then show it on the blackboard, and asked the distance plaintiff's car was from a certain place at a certain time and then would indicate that distance. Plaintiff's counsel, after several questions by defendant's counsel and answers by plaintiff, said, "I object to the use of the blackboard on the ground that he is apparently leading to situations where he is going to make a diagram which will not be part of the record." The court overruled that objection. Plaintiff now contends that the trial court erred in permitting defendant to develop and use the blackboard sketch because it was not an exhibit and the matters contained thereon were not fully described in the record.

Plaintiff cites no Missouri case to support his position. He relies upon Igo v. Smith, 282 Ky. 336, 138 S.W.2d 497. That case holds that under a rule promulgated by the Court of Appeals of Kentucky, providing that maps or diagrams used at a trial must be made part of the record and brought to

the appellate court or an appropriate penalty for failure to so do may be imposed, a map or a plat drawn on the courtroom floor during the trial should have been copied and the copy made part of the record. The Kentucky court, however, inflicted no penalty on either party for having failed to include a copy of the plat in the record. There are many other cases dealing with the various aspects of the problem of the use of maps, plats, diagrams, and other drawings to illustrate testimony. For example, see the annotation in 9 A.L.R.2d 1044, 1066–1080; Birks v. East Side Transfer Co., Or., 241 P.2d 120, 135; Cincinnati Street Ry. Co. v. Waterman, 50 Ohio App. 380, 198 N.E. 494, 495, 496; Carter v. Commonwealth, 260 Ky. 538, 86 S.W.2d 290, 292 [2].

It appears unnecessary and surely unwise in the instant case to attempt any review of the subject or to define the circumstances under which a trial court may be convicted of error for failing to require or permit a sketch or drawing to become part of an appellate record. Certainly there are many apparent reasons why instant plaintiff's contention lacks merit. For present purposes, however, suffice to say that we have encountered no difficulty in understanding the testimony elicited in connection with the blackboard diagram and that plaintiff makes no contention on this appeal which depends upon anything in or which has to do with the absent sketch. Consequently, it is apparent that plaintiff was not prejudiced by defendant's use of the blackboard. See Petershagen v. Star Clothing Co., 188 Mo.App. 581, 176 S.W. 466, 467 [3].

As a part of his case in chief, plaintiff testified that his automobile was repaired at Latimer Motors and identified what had been marked as plaintiff's Exhibit 30 as the estimate of the cost of repairs and the bill therefor in the sum of $227.10. That exhibit was offered by plaintiff and admitted in evidence. During plaintiff's cross-examination, he was asked who paid the $227.10. An objection on the ground that the question was an improper attempt to mitigate damages because defendant owed the money even though it might have been paid by someone other than plaintiff was overruled. On the exhibit appeared this: "Mail Copy To—*Elliot* Ins. Agency Buckner *Mo.*" Defendant's counsel asked plaintiff to read the foregoing to the jury. After plaintiff had complied, the question was, "Who is Elliot Insurance Agency?" Whereupon, plaintiff's counsel said, "I renew my objection," which the court overruled. Plaintiff answered that it was the insurance agent at Buckner. And then, "Q. How does he become interested in this? How did he happen to get a copy on it? A. I had my insurance on my automobile with this company."

Plaintiff contends that the trial court erred in admitting that evidence because it improperly showed that plaintiff was insured and permitted the jury to speculate that plaintiff may have been fully reimbursed for all of his loss, including his personal injuries.

Plaintiff placed the exhibit in evidence without limitation of any kind. He was, of course, subject to legitimate cross-examination concerning the complete exhibit. Cf. Young v. Sinclair Refining Co., Mo.App. 92 S.W.2d 995, 1002 [10] [11, 12]. The fact, standing alone, however, that the notation to mail the repair bill to a named insurance agency was on the exhibit would not justify the disclosure, over proper objection, of the further information that plaintiff had his automobile insurance with that agent if such was wholly irrelevant and immaterial under any view of the issues. We may not say that the information disclosed by the cross-examination did not have some relevancy to the issues. That is because the unexplained notation on the repair bill to mail it to a certain insurance agency at a certain location was subject to the possible inference that the insurance agency noted was defendant's agent and that defendant, or someone on his behalf, had instructed that the bill be mailed as directed.

In view of the fact that plaintiff introduc-ed the exhibit in evidence without limita-tion, we hold that the trial court did not err in permitting the cross-examination.

■ The deputy sheriff who investigated the accident was plaintiff's witness and, on his cross-examination, the record shows:

"Q. I notice that in investigating this you made no arrests. A. No arrests.

"Q. No charges of any kind?

"Mr. Lewis: I object to that as imma-terial to any issues of this case. The Court: Overruled.

"A. At that time, no.

"Q. Not at that time. Were any made later? A. No.

"Q. Then, as far as you know, there were no charges? A. No, not that I know of."

Plaintiff contends the trial court erred in permitting defendant to show that nei-ther plaintiff nor defendant was arrested. Plaintiff cites Marrah v. J. & R. Motor Supply Co., Mo.App., 165 S.W.2d 271, 276 [5–7], in support of his contention. That case states the rule that while a prior con-viction may be shown on credibility, a witness properly may not be subjected to cross-examination with respect to only an arrest or prosecution for a criminal offense. Plaintiff also cites Clark v. McKeone, Mo., 234 S.W.2d 574, 576 [6, 7]. There, appel-lant contended on appeal that the fact that a truck driver was asked whether he had been taken into custody or arrested, even though the question was stricken on ob-jection, was nevertheless prejudicial. The court held that there had been no request for further action by the trial court, that other testimony of a like character had been adduced, and that in no event was the evidence so prejudicial as to have deprived defendant of a fair trial.

In the instant case, not only was plain-tiff's objection probably untimely and, if so, he thereby waived the error, if any,

Teters v. Kansas City Public Service Co., Mo., 300 S.W.2d 511, 515 [3], but, even as-suming that the testimony was immaterial on any issue in the case and assuming fur-ther that there could be circumstances un-der which the instant testimony might have been prejudicial to one of the parties, plaintiff has made no attempt to demon-strate and it is not apparent to us under the facts of this case how or wherein evi-dence that neither party was arrested at the time of the accident or later charged with any offense was prejudicial to plain-tiff or deprived him of a fair trial.

■ Plaintiff contends that the trial court erred in giving instructions 6 and 7. Instruction 6 told the jury that an automo-bile operator, intending to make a left turn, was required by law to give a hand or light signal and that if plaintiff intend-ed to and did make a left turn and failed to signal such intention, he was negligent, and that if such negligence "*caused or con-tributed to cause* the collision and the in-juries to the plaintiff, if any, then you are instructed that plaintiff is not entitled to a verdict, * * *." (Our italics.) In-struction 7 told the jury that even though it found defendant was negligent as hy-pothesized in other instructions, if it al-so found that plaintiff was negligent as hy-pothesized in other instructions, the verdict should be for the defendant.

Plaintiff attacks instruction 6 on the ground that by the language "caused or contributed to cause," the jury was errone-ously permitted to find plaintiff's negli-gence was the *sole cause* of the collision when defendant was negligent as a matter of law in failing to sound his horn and in passing within 100 feet of an intersection. Plaintiff has cited the cases which state the rule that where a defendant is guilty of negligence as a matter of law, a sole cause instruction should not be given, e. g. Wilkins v. Stuecken, 359 Mo. 1047, 225 S.W.2d 131, 133 [1, 2], 134 [3, 4]; that it is improper to hypothesize contributory negligence under the guise of sole cause

to defeat a humanitarian case, Weis v. Melvin, Mo., 219 S.W.2d 310, 311 [5]; and that before defendant is entitled to a sole cause instruction he must adduce evidence which tends to prove the facts necessary to sustain such a theory, Fassi v. Schuler, 349 Mo. 160, 159 S.W.2d 774, 777 [8]. None of the foregoing cases, however, tends to demonstrate that the instant instruction is erroneous.

In the first place, considering instruction 6 in its entirety, we think it reasonably clear that defendant did not attempt to hypothesize a sole cause situation but, on the contrary, hypothesized plaintiff's negligence as a contributing cause. It is true, however, that the expression used, and often used in like instructions (e. g., see Bowzer v. Singer, Mo.App., 231 S.W.2d 309, 311 [2], and Kilo v. Howe, Mo., 257 S.W.2d 640, 641), viz., "caused or contributed to cause," may be said to permit the jury to find that plaintiff's negligence alone caused the collision. Be that as it may, however, the language in question could not have prejudiced plaintiff in this primary negligence case. That is because defendant was justified by the evidence in hypothesizing and submitting plaintiff's failure to signal his left turn as proximate negligence barring plaintiff's recovery, and, consequently, the fact that the jury was permitted to find that such properly submitted contributory negligence constituted sole cause negligence was harmless because such proximate negligence, if found, barred plaintiff's recovery, irrespective of its label.

 Plaintiff also contends that instructions 6 and 7 are erroneous for the averred reason that they gave the jury "a roving commission in determining that plaintiff's negligence required to be found by said instruction was the contributing cause to the collision." While plaintiff purports to include both instructions under this point, he develops no attack on instruction 7. If we understand, plaintiff's position is that instruction 6 contained no proper factual hypotheses which would justify a reasonable finding that the failure to signal contributed to cause the collision. There is no merit in that contention. There was ample evidence, considered favorably to defendant, from which the jury reasonably could have found that plaintiff's failure to signal a left turn was a contributing cause of the collision. It was unnecessary, under the facts of this case, for defendant to have hypothesized the evidentiary facts supporting the finding that plaintiff's negligence in failing to signal a left turn was proximate negligence.

The judgment is affirmed.

VAN OSDOL and HOLMAN, CC., concur.

PER CURIAM.

The foregoing opinion by COIL, C., is adopted as the opinion of the court.

All concur.