**May McGHEE, Respondent,**

v.

**Bobby Mac JONES, Appellant.**

No. 47582.

Supreme Court of Missouri,
Division No. 2.
July 11, 1960.

Warren D. Welliver, Columbia, for appellant. Alexander, Welliver, & Wayland, Columbia, of counsel.

Carl F. Sapp, Orr & Sapp, Columbia, for respondent.

BARRETT, Commissioner.

In this action for damages for personal injuries a jury returned a verdict in favor of the defendant; the trial court, without specification of reasons, sustained the plaintiff's motion for a new trial. Upon this appeal by the defendant the plaintiff's justification for the court's order is that defendant's sole cause instructions B and C were erroneous.

The plaintiff's cause of action, its submission and the problems involved upon this appeal arose in these briefly noted circumstances: About midnight, 12:05, on May 20, 1956, Henry I. Banks was driving Orentha Payne's 1954 DeSoto automobile west on Highway 40 at a speed of "around 50 to 55 miles an hour" when Mac Jones, returning to Columbia from Fulton after a dance, overtook and drove his 1947 Chevrolet into the rear of the DeSoto. The Chevrolet struck the left rear fender and bumper of the DeSoto, knocking out the left rear taillight. The collision did not overturn the DeSoto or knock it off the pavement and it came to rest on the north side of the pavement in the westbound traffic lane with its headlights and right rear taillight burning. The collision damaged the right front fender of Jones' Chevrolet, knocked the right headlight out, and his automobile came to rest on the shoulder off the south side of the pavement some dis-

tance east of the DeSoto but also headed west with its one headlight and both taillights on. Jones immediately suggested that they move the DeSoto off the pavement but Banks refused, it was his idea that the automobiles should not be moved until a highway patrolman arrived and made an investigation. Jones then procured a "little" flashlight, a two-cell battery flashlight, from his automobile and gave it to Banks who stood on the pavement to the rear of the DeSoto and signaled westbound traffic by waving the flashlight. Forty-five minutes later, at 12:50, a highway patrolman arrived and parked his patrol car on the south shoulder opposite the DeSoto, also headed west and with the red dome light flashing. The patrolman immediately procured flares and sent Jones west of the DeSoto with one and he and Banks walked to the east to place a flare seventy-five feet back of the DeSoto. The patrolman also had a flashlight and as he and Banks walked east they both signaled westbound traffic by waiving their flashlights. Before they could place the flares Henry McGhee, driving a 1955 Pontiac at a speed of 60 to 65 miles an hour (Banks said 75 miles an hour), came from the east and crashed into the rear end of the DeSoto. It was in this collision that the plaintiff, McGhee's wife, was injured. The patrolman and Banks saw the McGhee automobile approaching for more than one-half mile and both signaled with the flashlights. McGhee says that he did not see the headlights or taillights on either of the automobiles or the red light on the patrol car or Banks and the patrolman signaling with flashlights or the DeSoto until immediately before crashing into it.

Mrs. McGhee instituted this action against Banks and Jones but at the beginning of the trial dismissed as to Banks and at the close of the evidence submitted her right to recover against Jones upon this specific hypothesis, that Jones negligently drove into the rear of the DeSoto and as a result of the collision the DeSoto was left standing on the highway, thereby creating a dangerous and unsafe condition following which the automobile driven by her husband collided with the DeSoto "and if you further find and believe that the defendant Bobby Mac Jones negligently and carelessly failed to take reasonable precautions to warn oncoming traffic of the dangerous and unsafe condition on said highway * * *."

In connection with Banks leaving the DeSoto on the pavement and sole cause instruction B, Banks says that after declining Jones' offer and refusing to move the automobile he changed his mind and attempted to start the motor but the motor would not start and he could not get the De Soto off the pavement. However, after the second collision, after McGhee ran into the DeSoto, with the aid of the motor and others pushing, it was pushed off the highway onto the shoulder. Instruction B hypothes _ :d, in substance, Banks' refusal to permit the removal of the DeSoto as negligence and the sole cause of the collision.

Instruction C hypothesized the fact that there had been a collision between the DeSoto and the Chevrolet, that the DeSoto was left standing on the highway, that Banks and the patrolman were signaling with flashlights, that the lights on the automobiles and the red dome light on the patrol car were on and that plaintiff's husband negligently failed to maintain a proper lookout to see the lights and signals, that he was driving at the dangerous and excessive rate of speed of 65 to 75 miles an hour and that his negligence in these respects was the sole cause of the collision and his wife's injuries. And, as in instruction B, the instruction concluded with a finding "that the collision between the McGhee automobile and the Banks automobile and plaintiff's injuries * * * were not due to any negligence on the part of defendant Bobby Mac Jones in any of the particulars set out in other instructions herein * * *." In his answer Jones admitted that "he did carelessly and negligently operate the 1947 Chevrolet automobile which he was driving in a westerly di-

rection so as to allow the same to come into collision with the DeSoto automobile being driven in a westerly direction by Henry Banks * * * and that * * * the said Banks automobile came to rest in the north or west-bound lane of said U. S. Highway #40." He specifically denied however any carelessness or negligence on his part in causing the second collision or that his negligence "was the proximate cause of the second collision * * *." Before the trial started and in an unsuccessful effort to restrict the proof as to the first collision Jones' counsel again admitted his negligence in causing the first collision and the fact that he had paid a fine in a magistrate court for careless and reckless driving.

In support of the court's order and in contending that these instructions were erroneous and deprived the plaintiff of a fair trial it is said that instruction B "completely ignores the admitted negligence of the Defendant in causing the Banks car to be on the highway and ignores the Plaintiff's theory of the case and ignores the fact that Banks' automobile could not be moved under its own power." It is said that "It would be a ridiculous situation to allow the Defendant Jones to admit that he caused the Banks car to be in a dangerous and hazardous place on the highway and then to instruct the Jury that they might find that Henry I. Banks was the sole and proximate cause of the later collision." It is urged that both instructions B and C ignore "the Plaintiff's theory of the case, and the instruction does not negative or require any finding by the Jury and that the Plaintiff's (Defendant's) admitted negligence in creating the first collision was an efficient and proximate cause of the collision in which the Plaintiff was injured." It is vehemently urged that "It is impossible to divorce the negligence of the Defendant Jones in causing the first accident, from the accident which happened forty-five minutes later * * *." In connection with all these arguments and as to both instructions the plaintiff's most urgent objection is that since the defendant admitted his negligence in

"creating a dangerous and hazardous condition on the highway by striking the Banks automobile" he is not entitled in any event and as a matter of law to a sole cause instruction. Weis v. Melvin, Mo., 219 S.W. 2d 310; Wilkins v. Stuecken, 359 Mo. 1047, 225 S.W.2d 131.

As to the evidence—even as to the facts and they were all established by the plaintiff's witnesses—the argument against the instructions ignores any permissible inference than the single one that Jones negligently ran into the rear of the DeSoto and initially created the hazardous condition on the highway. It is true that Banks said that his automobile "could not be moved under its own power" but that is not the only manner in which a motor vehicle can be moved off of the highway in forty-five minutes, and that is not the only proof or permissible inference. Even after the second collision it was moved off of the highway and onto the shoulder. Likewise the argument ignores permissible inferences and what the jury could reasonably find as to McGhee's driving into the rear end of the DeSoto. He said, "Well, I was driving along, I would say, at approximately 60 or 65—I never drive any faster than that with my wife with me—and there was an oncoming car coming from the west out of Columbia with bright headlights and I was momentarily blinded and the next thing I knew I was on top of this car * * *." No one else saw an eastbound automobile with blinding lights, Banks said his speed was 75 miles an hour, the patrolman and Banks saw him approaching for a half mile and he did not see the signaling flashlights, the red dome light or the lights on the automobile. As Banks said, "Well, I seen the car coming and I was flagging and it didn't seem like it was going to slow down so the trooper hollered at me to get out of the way." The second collision, McGhee's, did not immediately follow the first collision in point of time (annotation 62 A.L.R. 1181), forty-five minutes elapsed and upon the evidence and its permissible inferences the plaintiff's argument leaves no room for the

possible finding of the intervening negligence of both Banks and McGhee. Dennis v. Creek, Mo.App., 211 S.W.2d 59, 64; 2 Restatement, Torts, Sec. 447.

■ The plaintiff very carefully gave instruction 4 which informed the jury that if they found that the negligence of McGhee and the negligence of Jones "directly concurred, combined and contributed to cause plaintiff to sustain injury" a verdict should be returned against Jones and so, reading the instructions together, there was no possibility of the implication that there was no liability for Jones' initial or concurrent negligence. McCleary, "The Defense Of Sole Cause In The Missouri Negligence Cases," 10 Mo.L.R. 1, 14n, 36; Boyce v. Donnellan, 237 Mo.App. 63, 71, 168 S.W.2d 120, 124; Godfrey v. Bauer, Mo., 252 S.W.2d 281, 284. This was not a humanitarian case as was Weis v. Melvin, supra, and it was not essential that the defendant's sole cause instructions "specifically (to) negative the idea of imputed negligence to the plaintiff from the driver of the automobile in which plaintiff was riding." 10 Mo.L.R., l. c. 24–25.

It is true that in Wilkins v. Stuecken, 359 Mo. 1047, 1052, 225 S.W.2d 131, 134, the statement is made "that where the evidence showed that a defendant was guilty of negligence as a matter of law then a sole cause instruction should not be given." Whatever the statement may mean, it must be taken in connection with the facts in that case in which it was also said "defendant Herman Stuecken was guilty of negligence as a matter of law. *Therefore, the evidence did not justify such an instruction*" (a sole cause instruction). The italicized sentence is the crux of the matter. As has been indicated that is not the situation in this case, other inferences *including* intervening negligence were permissible and upon this record Jones was not guilty of negligence as a matter of law in the sense that the issue could be directed against him by the court. This is a primary negligence case, *the issues were* simple and well defined and the ultimate

problem is whether the instructions were erroneous as a matter of law and manifestly deprived the plaintiff of a fair trial. Rembusch v. Prebe, 358 Mo. 409, 215 S.W. 2d 433; Brooks v. St. Louis Public Service Co., Mo., 275 S.W.2d 252, 255–256.

Since, as indicated, instructions B and C were not erroneous for the reasons advanced here the order granting a new trial is reversed and the cause remanded with directions to reinstate the verdict and accordingly enter judgment.

BOHLING and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the Court.

LEEDY, P. J., EAGER and STORCKMAN, JJ., and HUNTER, Special Judge, concur.