Tom MAY, Respondent,

v.

Theodore George BRADFORD and
William W. Mann, Appellants.

No. 48267.

Supreme Court of Missouri,

Division No. 2.

July 10, 1961.

Dwight Crader, Sikeston, for appellant Bradford.

Harold D. Jones, Bock & Jones, New Madrid, for appellant (defendant) William Mann.

James V. Conran, Hal E. Hunter, Jr., New Madrid, for plaintiff-respondent.

STOCKARD, Commissioner.

Vivian May, a passenger in a Buick automobile being operated by William Mann on U. S. Highway 61, was killed when the automobile collided with a Ford truck being driven in the opposite direction by Theodore George Bradford while he was attempting to pass a Studebaker automobile operated by Walter Mungle. Bradford and Mann have appealed from a judgment in the amount of $25,000 in favor of Tom May for the wrongful death of his wife. Mann has also appealed from an adverse judgment on his cross-claim for personal injuries entered in favor of Bradford.

From the plaintiff's evidence it appears that Mungle drove onto Highway 61 from a county road, turned southward and drove about 30 or 35 miles an hour. Bradford was driving his Ford truck southward on the highway about 60 miles an hour, and when he overtook Mungle he turned out to pass. Mann was driving northward on the highway at approximately 60 miles an hour. There was a "rise and curve" in the highway ahead of Mann, and when he drove around the curve he saw the Bradford truck "go out to pass" the Mungle Studebaker. The two vehicles were then about a block or 350 to 400 feet ahead of him. Mann "took to the shoulder" of the highway and he "angled off a slight degree" and applied the brakes. The automobile "evidently skidded" and "something caused it to come back into the highway partially." When Mann's automobile was skidding at about a 45 degree angle, partly on the northbound lane of the highway and partly on the shoulder, it struck the left side of the truck, spun around counterclockwise, the right door came open, and Mrs. May was thrown out and killed. From the point of impact, which was in the northbound or east lane of the highway, there were tire marks made by Mann's Buick extending back southward 178 feet.

At the conclusion of plaintiff's case the court sustained a motion for a directed verdict in favor of Mungle, to which there is no objection on this appeal, and it refused a motion by Mann for a directed verdict. Mann then announced that he was standing on his motion and would introduce no evidence as to plaintiff's case, but he did introduce medical testimony as to his cross-claim against Bradford for personal injuries. Bradford introduced evidence in plaintiff's suit and also as to Mann's cross-claim against him. He testified that when he was in the process of attempting to pass the Mungle Studebaker he saw Mann's Buick, 1,800 to 2,000 feet down the highway, traveling at a "terrible speed," 80 to 90 miles an hour. He slowed down to get back on the right side of the highway, but the Studebaker was also slowing down, so he "struck her [his truck] to low gear and tried to get on around him." He got the front wheels of the truck back on the right side of the highway, but the left rear dual wheels were still across the centerline, not over 2½ feet, when the Buick hit his truck.

On this appeal both Mann and Bradford challenge plaintiff's instruction 3, which was as follows:

"With reference to the charges of negligence against both of the defendants in this case, you are instructed that if from the evidence and these instructions of the Court you find that the negligence, if any, of the defendant Theodore George Bradford, no matter how great, and the negligence, if any, of the defendant, William W. Mann, nor matter how great, directly concurred, combined and contributed in any degree to cause the death of Vivian May, then it would be your duty to return a verdict in favor of the plaintiff against both the defendants, because if both the defendants were negligent in any respect submitted to you in these instructions, and if their negligence directly contributed to cause the death of the plaintiff's wife, then neither defendant even if less negligent than his co-defendant, could make use of the concurring negligence of his

co-defendant to defeat the claim of the plaintiff against both of the defendants.

"In other words, it is no defense to one defendant that the negligence of some other defendant concurred with his negligence to cause injury to the plaintiff, and before you can render a verdict in favor of any one defendant, you must find and believe from the evidence that said defendant was not negligent or that his negligence, if any, did not contribute to cause the death of Vivian May."

Mann asserts that both paragraphs of instruction 3 are erroneous, but Bradford directs his claim of error only to the last paragraph. Since the use of the last paragraph results in prejudicial error we shall not rule specifically on the alleged error as to the first paragraph, but in the event of a new trial counsel would be well advised to read Danner v. Weinreich, Mo.Sup., 323 S.W.2d 746; Waldrip v. American Buslines, Inc., Mo.Sup., 327 S.W.2d 211; and Rothweiler v. St. Louis Public Service Co., 361 Mo. 259, 234 S.W.2d 552, 555.

The last paragraph of instruction 3 is identical in substance to the concluding paragraph in a similar instruction which was held to be prejudicially erroneous by this court en banc in Rothweiler v. St. Louis Public Service Co., supra. In that case, as here, plaintiff contended that the negligence of two defendants had concurred in causing his injuries. The court had this to say: "We think the second paragraph is prejudicially erroneous because of the likelihood of certain of its language being taken literally by a jury of laymen. The paragraph seemingly undertakes to state conversely, and more briefly, the proposition submitted in the first paragraph, as witness the phrase, 'In other words.' The first clause of the second paragraph is unobjectionable, but the remaining portion is mischievous. To say, as this portion does, that before a verdict can be rendered in favor of any one defendant, it must be found from the evidence that such defendant was not negli-

gent, or that his negligence, if any, did not contribute to cause plaintiff's injuries, is to misstate the law. The burden is the other way around. As a condition to a plaintiff's verdict, it must be found from the evidence that defendant was negligent, and that such negligence contributed to cause the injury. It is true that by other instructions the jury was told that the burden was upon plaintiff to prove her case by the preponderance or greater weight of the evidence, and that she was injured through defendants' negligence. Even so, we think a jury would have difficulty in reconciling these declarations with the second paragraph of [the instruction], and that the latter should not have been given."

Plaintiff has advanced no sound reason, and we perceive none, for giving the above instruction in the face of the ruling of the Rothweiler case, and he advances no reason why the ruling of that case should no longer be followed or should not be considered applicable to this case. For the reasons advanced in the Rothweiler case we rule that the use of the second paragraph in instruction 3 was prejudicially erroneous.

■ Some of the other contentions of error as to plaintiff's suit will be considered because of the likelihood of recurrence on retrial. Mann and Bradford challenge plaintiff's instruction 5 defining the highest degree of care, the substance of which is identical to the substance of the instruction set out in Martin v. Turner, Mo.Sup., 306 S.W.2d 473, at page 478, and there held to be prejudicially erroneous because "The definition set forth in the instruction falls far short of the requirements of the statute." See also Shepard v. Harris, Mo. Sup., 329 S.W.2d 1, 9. Plaintiff asserts that instruction 5 is not prejudicially erroneous in this case because both Mann and Bradford submitted other instructions properly defining the highest degree of care. We need not decide if the error was cured, but it is obvious that the instruction as worded should not be given in the event of a new trial.

Mann challenges plaintiff's instruction 2, which directed a verdict against him, because it submits that he "failed to use the highest degree of care in the operating of his 1955 Buick automobile, in that he carelessly and negligently drove and operated his 1955 Buick automobile at a fast and excessive rate of speed under the circumstances then and there present, and failed to have his vehicle under control, * * *." Mann asserts that this instruction is erroneous because it fails to hypothesize issues of fact from which it could be determined that his speed was excessive and that he failed to have his automobile under control. Plaintiff's only defense of the instruction, with which we do not agree, is that "no real conflict existed as to the facts of * * Mann's speed or lack of control of his vehicle."

We shall not discuss this instruction in detail. It is sufficient to say that "An instruction authorizing the jury to return a verdict for a party must require the finding of all essential fact issues necessary to establish the legal proposition on which the right to the verdict is based." Myers v. Buchanan, Mo.Sup., 333 S.W.2d 18, 21. In the Myers case a similar instruction abstractly submitting excessive speed under somewhat similar circumstances was expressly held to be "clearly erroneous for failure to hypothesize attending circumstances of the facts," because it permitted the jury to make its own determination as to the constituent elements of negligence. See also Kimmich v. Berry, Mo.Sup., 319 S.W.2d 546; Cantwell v. Zook, Mo.Sup., 250 S.W.2d 980; Green v. Guynes, 361 Mo. 606, 235 S.W.2d 298; and Dahlen v. Wright, Mo.Sup., 235 S.W.2d 366. As to the abstract submission that Mann "failed to have his [vehicle] under control," it was held in Rosenfeld v. Peters, Mo.Sup., 327 S.W.2d 264, 269, that such a submission "at least was confusing and could be construed as a roving commission."

In view of the fact that instruction 2 must be reworded in the event of a new trial, we shall not rule whether the trial court erred, as Mann asserts, in refusing to give his converse instruction on speed. However, the parties and the trial court should be guided by the rules announced in Alberty v. Sunshine Biscuit Co., Mo. Sup., 321 S.W.2d 418, at page 422, and the cases there cited.

Mann challenges a burden of proof instruction given at the request of Bradford because, after stating that the burden was upon plaintiff to prove every fact necessary to make out a case, the instruction further stated that "if the jury believe that the evidence as to any one of such facts in favor of the Defendants or even if you believe the evidence as to any one of such facts is equally balanced between the Plaintiff and the Defendants, then the Plaintiff has failed to make a case, and it is the duty of the jury to find a verdict in favor of the Defendants." We do not find any defense of this instruction in either Bradford's or plaintiff's brief, and we consider it to be at least confusing and misleading. Since it affected, or was calculated to affect, Mann's liability to plaintiff he is entitled to complain even though the instruction was given at the request of his codefendant. Downing v. Dixon, Mo.App., 314 S.W.2d 927, 931.

This was not a case where the two defendants were equally liable or neither liable to plaintiff, yet the instruction as worded clearly ties the two defendants together and gives the impression that the jury is not entitled to conclude that plaintiff did not meet his burden of proof against either defendant unless it concludes that he did not meet its burden against both. We consider the instruction to be unfair to Mann under the circumstances.

We shall mention later Bradford's sole cause instruction submitted in plaintiff's case, but we shall now turn to Mann's appeal from the judgment on his cross-claim against Bradford. At the request of Bradford the court gave instruction 14 on contributory negligence as follows:

"The Court instructs the jury that the law required that Defendant William Mann exercise the highest degree of care while operating a motor vehicle on the public highway, that is, such care as a very careful and prudent person would exercise under the same or similar circumstances; therefore, if you find and believe from all the evidence in this case that Defendant William Mann having seen the said truck of Defendant Theodore Bradford in the east lane of traffic passing a Studebaker automobile driven by Walter Edwin Mungle, at a point at least 1800 feet from the point of collision with Defendant Theodore Bradford's truck; failed to exercise the highest degree of care for his own safety while operating a motor vehicle upon the public highway in either one or more of the following particulars:

"1. By failing to stop said Buick automobile, or

"2. By failing to keep the Buick automobile he was driving under control, or

"3. By operating his Buick automobile at a high and dangerous rate of speed under the circumstances then and there existing,

"And if you further find that such failure to exercise the highest degree of care for his own safety, if you so find, contributed to cause the injuries to him, then you should find that Defendant William Mann is guilty of contributory negligence, and your verdict must be for the Defendant Theodore Bradford and against Defendant William Mann on the cross-claim of Defendant William Mann."

This instruction erroneously assumes that Mann saw Bradford's truck at a point at least 1,800 feet from the point of collision. Not only was it a controverted fact as to when Mann first could see the truck, there was no evidence of this assumed fact.

There is no testimony that Mann saw the Bradford truck when it was farther than 350 to 400 feet from him. Bradford said that he first saw the Buick when it was 1,800 to 2,000 feet from him, not from the point of collision. At that time Bradford was traveling about 60 miles an hour toward, but had not reached, the point of collision. In addition, in answer to a question as to where the Buick automobile was when it started off onto the shoulder, Bradford testified that "there was a slight curve there, and there was a bank along there, a small bank, I could see him. He couldn't see me until he got around a little further." We note also that instruction 14 submits in the disjunctive three grounds of contributory negligence, and for the reasons set forth above in our ruling on instruction 2 it erroneously submits failure on the part of Mann to control his vehicle and excessive speed on his part' without hypothesizing the fact issues necessary to establish the legal propositions upon which the right to the verdict is based. The giving of this instruction requires that the judgment on Mann's cross-claim be reversed.

What we have said concerning the erroneous assumption of a disputed fact in instruction 14 applies equally to the identical assumption of fact in instruction 15, a sole cause instruction in plaintiff's suit given at the request of Bradford and submitting the negligence of Mann as the sole cause of the death of Vivian May. Mann also asserts that no proper sole cause instruction could have been given on behalf of Bradford because when the evidence is considered most favorably to Bradford it cannot present a sole cause situation. Since the judgment must be reversed, and because on a second trial the evidence may not be precisely the same, nothing would be gained by ruling this question now. However, in the event of a second trial, the trial court and the parties must necessarily be guided by the evidence then adduced and by the principles announced on this issue in Wilkins v. Stuecken, 359 Mo. 1047, 225

S.W.2d 131; Long v. Mild, 347 Mo. 1002, 149 S.W.2d 853; Weis v. Melvin, Mo.Sup., 219 S.W.2d 310; Bunch v. Mueller, 365 Mo. 494, 284 S.W.2d 440; and Lix v. Gastian, Mo.App., 287 S.W.2d 354. It would also be well, in the event Bradford submits a sole cause instruction upon retrial, that he be guided by the principles announced in Happy v. Blanton, Mo.Sup., 303 S.W.2d 633, at page 637 concerning what should be hypothesized in a proper sole cause instruction.

We previously noted that Mann moved for a directed verdict at the close of plaintiff's case and he has assigned as error the refusal to grant that motion. That issue is close, and we have the unusual situation where the evidence produced by codefendant Bradford as to Mann's liability on plaintiff's claim is much stronger than the evidence produced by plaintiff. We also have the contention of plaintiff that by producing evidence on his cross-claim Mann waived the error, if any, in not directing a verdict. In addition, Mann seeks to have himself eliminated from plaintiff's case, but he wants to remain in the proceeding in order to prosecute his cross-claim against Bradford.

Assuming that plaintiff did not make a submissible case against Bradford at the end of plaintiff's evidence, which we do not hold, it is not our opinion that in no event could he do so. This court has frequently held that "'The furtherance of justice requires that a case should not be reversed without remanding unless the appellate court is convinced that the facts are such that a recovery cannot be had; * * *.'" East v. McMenamy, Mo.Sup., 266 S.W.2d 728, 732; Yarrington v. Lininger, Mo.Sup., 327 S.W.2d 104. In these and the other cases where the above rule has been applied, the plaintiff has shown a state of facts which might entitle him to recover if his case were brought upon a proper theory. That is not the precise situation here, but in view of the unusual factual situation of this case and the fact that Mann seeks to remain in the case for the purposes of his cross-claim we think the general rule is applicable. Therefore, in the interest of justice and in the exercise of our discretion in the matter, we reverse the judgment in favor of plaintiff, and reverse the judgment in favor of Bradford on his cross-claim, and remand the cause for a new trial on all issues and as to all present parties.

It is so ordered.

BOHLING and BARRETT, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All concur.