Emma May **EDWARDS**, Respondent,

v.

Carl W. **MELLEN** and Estelle Mellen, Appellants.

No. 49502.

Supreme Court of Missouri,

Division No. 2.

April 8, 1963.

James J. Amelung, Holtkamp, Miller, Risch & Amelung, St. Louis, for appellants.

Lackland H. Bloom, Gordon I. Herzog, St. Louis, Neuhoff & Schaefer, Ralph R. Neuhoff, Jr., St. Louis, for respondent.

STOCKARD, Commissioner.

Defendants have appealed from a judgment in the amount of $30,000 entered pursuant to jury verdict in plaintiff's suit for personal injuries resulting from a fall on the stairway of defendants' apartment building.

Plaintiff, a 49-year-old widow who lived alone, was a tenant in defendants' apartment building located at 4434 Castleman Avenue in the City of St. Louis. On the evening of April 9, 1958, shortly before 7:30 o'clock she left her third floor apartment to go to a neighborhood drug store and fell down a stairway leading from the third floor to the second floor. The negligence pleaded and submitted to the jury was the alleged failure of defendants to comply with Ordinance No. 44,886 of the City of St. Louis which provided that "The surfaces of landings, platforms, and treads of stairways, [in apartment buildings such as that of defendants] shall be illuminated to an intensity at least of 0.6 foot candle." Defendants assert that plaintiff did not make a submissible case, and their principal contention is that there was no evidence from which it could be found that insufficient light was the proximate cause of her fall.

Defendants maintained a 60-watt electric light in the ceiling over the area where plaintiff fell which, when burning, lighted the area at the top of the stairway and the treads of the stairway to an intensity of 3.0 foot candle. At the time plaintiff fell this electric light admittedly was not burning because the bulb had burned out, and the intensity of the light from other sources on the surface of the area at the top of the stairway (assuming that it was a "landing" within the meaning of the ordinance) and on the surface of the treads of the stairway was less than 0.6 foot candle. Plaintiff's testimony was to the effect that she did not know what caused her to fall. She was familiar with the stairway but had not previously used it at night when the ceiling light was not burning. She stated that

she could see the steps but not "clearly," that they were "shadowy," and that she fell when she "started to go down the steps, to step out for what she thought was the first step down." She does not claim that any defect existed in the floor or stairway which was concealed by reason of the lack of light. An expert witness testified that when a person leaves a lighted area and enters a darkened area his eyes do not adjust immediately to the changed conditions and as a result there is a tendency to misjudge distance. Plaintiff fell after leaving her lighted apartment and entering the darkened area at the top of the stairway. From the above evidence it is a reasonable, and therefore permissive, inference that because of the lack of adequate light in the areaway plaintiff misjudged the location of the first step and fell. This evidence would authorize the submission to the jury of the issue of defendants' negligence in not providing at least the minimum intensity of light required by the ordinance. The question remaining is whether there was a proper submission of such negligence.

At plaintiff's request, and over defendants' objection, the trial court gave Instruction No. 6 which was as follows: "The Court instructs the jury that by Ordinance of the City of St. Louis, in force and effect on April 9, 1958, it was the duty of the defendants, Carl W. Mellen and Estelle Mellen, as owners of the apartment at 4434 Castleman Avenue, in the City of St. Louis, to provide artificial lighting of the surface of the landing at the top of the stairway leading to the third floor of said apartment and the surface of the treads of the stairway leading from the third floor to the platform between the third floor and the second floor, at all time when required to maintain the illumination at any point on said surfaces at 0.6 foot candle. If you find and believe from the evidence that on April 9, 1958, at the time plaintiff undertook to descend the stairway leading from her apartment on the third floor west at 4434 Castleman Avenue that the lighting on the surface of the third floor landing and

on the surface of the treads of the stairway leading from the third floor landing to the platform between the third floor and the second floor was less than 0.6 foot candle, then the failure of the defendants to provide artificial lighting of said surfaces to an intensity of 0.6 foot candle, if you so find, was negligence on the part of defendants as a matter of law; and if you further find that plaintiff, while exercising ordinary care for her own safety, as a direct and proximate result of such negligence, if any, fell down said stairway, and as a result thereof was injured, if you so find, then your verdict must be for the plaintiff and against the defendants."

Defendants first contend that this instuction erroneously declared that failure to comply with the minimum requirements of the ordinance constituted negligence "as a matter of law" when there was substantial evidence of a "legal excuse" or a "justifiable violation." This presents the question of whether there can be any legal excuse or justification for failing to comply with such an ordinance requirement, or whether the duty thus created is absolute and unyielding for which no excuse for a violation is recognized.

Plaintiff cites and relies principally on Monsour v. Excelsior Tobacco Co., Mo. App., 115 S.W.2d 219, in which the negligence submitted was the failure to provide the intensity of light on a stairway required by an ordinance. In answer to the argument of the defendant in that case that there was no evidence that the light had been out for a sufficient time to charge him with notice, the St. Louis Court of Appeals held that the "defendant's duty to furnish light for the common halls and stairways was an absolute duty created by ordinance, so that any nonobservance of such duty was negligence per se and actionable if the failure to have had the light burning was the direct and proximate cause of plaintiff's fall and injury." Two years later, without reference to the Monsour case, the St. Louis Court of Appeals handed down its opinion in Lochmoeller v. Kiel, Mo.App., 137 S.W.2d 625, which pertained to a submission of negligence based on the failure to equip a motor vehicle with two sets of adequate brakes in good working order as required by a statute. It was there held:

"When a statute or ordinance, * * has arbitrarily created a duty or fixed a particular standard of care, the failure to observe such duty or standard of care constitutes negligence per se, and when, in the trial of a case, the other essential elements being established, proof is adduced to show that the defendant failed to observe the duty thus imposed upon him, a case of negligence is made for the jury in the first instance, that is, potentially or prima facie, whether or not such failure on defendant's part would have amounted to the disregard of any duty existing apart from that created by the statute or ordinance.

"Even so, however, there may still be facts and circumstances present in a given case which will excuse a technical violation of a statute or ordinance and render it improper for the court to declare as a matter of law that the particular violation constituted actionable negligence, and so, when the plaintiff shows such violation, it then devolves upon the defendant, if he desires and is able to do so, to offer proof in legal excuse or avoidance of his failure to have observed the duty created by the statute or ordinance. Ordinarily such an excuse would require the proof of something occurring wholly without the fault of the person charged with the violation, which had made it impossible for him to comply with the requirement of the statute or ordinance at the moment complained of, and which due care and prudence could not have guarded against. Where such character of proof appears from the defendant, the question of whether his technical but unintentional violation of the

statute or ordinance amounted to actionable negligence is one for the jury to determine from all the facts and circumstances shown by the evidence, and it would be only where, admitting the violation, he failed to offer any legal excuse therefor, that negligence could be said to be established as a matter of law."

Although the Lochmoeller case involved the violation of a statute which required a certain standard for the brakes on a motor vehicle, and the Monsour case pertained to the violation of an ordinance which established a standard for lighting in certain buildings, the principle in each case is the same, and unquestionably, even though not mentioned, the Lochmoeller case disapproved or rejected the ruling of the Monsour case. This court has on numerous occasions announced the same principle as that set forth in the Lochmoeller case. See particularly Wilson v. Shumate, Mo., 296 S.W.2d 72, 75, where it was said:

"In recognition, however, of the principle that the statute [requiring that motor vehicles be provided at all times with two sets of adequate brakes, kept in good working order] must be reasonably construed and applied, defendant could offer proof of legal excuse or avoidance of his failure to have observed the duty created by the statute, i. e., proof that an occurrence wholly without his fault made compliance with the statute impossible at the moment complained of and which proper care on his part would not have avoided. Upon adducing substantial evidence tending to so prove, it was then a jury question as to whether defendant was negligent for failure to have provided a foot brake in good working order."

In addition, see Beezley v. Spiva, Mo., 313 S.W.2d 691; Rice v. Allen, Mo., 309 S.W.2d 629; Leek v. Dillard, Mo.App., 304 S.W.2d 60; 65 C.J.S. Negligence § 19h, p. 426; Harper and James, Torts, Vol. 2, § 17.6, p.

997; and the numerous Missouri cases cited in Chap. 12, entitled Legal Excuse and Unavoidable Accident Instructions, Missouri Civil Instructions, published by the Missouri Bar. See also the cases from other jurisdictions cited in the extensive annotation in 25 A.L.R.2d beginning at page 496, and particularly the cases cited on pages 517–528.

Plaintiff argues that the above rule should not apply in this case because the defendants failed to offer any evidence which would constitute a "legal excuse." We must disagree. Defendants' evidence, if believed, showed that they had proper and adequate lighting facilities in the apartment building, and that when the light bulb located in the ceiling over the area where plaintiff fell was burning the light intensity was greater than the requirements of the ordinance. Defendants caused a daily inspection to be made of the light bulbs in the apartment building, and an inspection was made about 4:00 o'clock in the afternoon of April 9, 1958. At that time the light bulb located over the area where plaintiff fell was burning. In addition, it was burning within fifteen minutes before plaintiff fell. We know from common experience that at times electric light bulbs burn out without warning. The evidence offered by the defendants, if believed, constituted "proof that an occurrence [the burning out of the light bulb] wholly without [defendants'] fault made compliance with the [ordinance] impossible at the moment complained of and which proper care on [defendants'] part would not have avoided." By reason of this evidence it became "a jury question as to whether [defendants were] negligent for failure to have [provided the 0.6 foot candle of light]." Wilson v. Shumate, supra, 296 S.W.2d at p. 75.

Plaintiff next argues that defendants did not defend the suit on the theory of "legal excuse" or "justifiable violation" of the ordinance, and she also contends that before such defense may be raised defendants must admit that a violation occurred. The

offer by defendants of the evidence above mentioned demonstrates that they did defend the suit on this theory. We need not rule whether they had to admit the violation of the ordinance in order to raise the defense because they did so in this case. It is true that they contended that the lighting was adequate, but they did so on the theory that the area was a "hallway" where the ordinance required only 0.4 foot candle of light. Plaintiff contended it was a "landing," and the trial court ruled that it was. Defendants' evidence was that the light intensity was no more than 0.5 foot candle. That amounted to an admission that a violation of the ordinance occurred if the area was in fact a "landing" as plaintiff contended and submitted in her verdict-directing instruction.

■ We conclude that under the circumstances of this case it was prejudicially erroneous for the trial court to instruct the jury that "the failure of defendants to provide artificial lighting of said surfaces to an intensity of 0.6 foot candle" "at the time plaintiff undertook to descend the stairway" constituted "negligence * * * as a matter of law."

■ Defendants pleaded contributory negligence on the part of plaintiff, and they requested and the trial court gave an instruction submitting that defense. In an apparent attempt to comply with the rule in Moore v. Ready Mixed Concrete Company, Mo., 329 S.W.2d 14, 23–24, plaintiff "referred" in her verdict-directing instruction to defendants' defense of contributory negligence in this manner: " * * * and if you further find that plaintiff, while exercising ordinary care for her own safety, as a direct and proximate result of such negligence, if any, fell down said stairway * * *." We agree with defendants that the phrase "while exercising ordinary care for her own safety," set off as it is by commas, assumes ordinary care on the part of plaintiff and does not negative contributory negligence. The Moore case requires that the reference in plaintiff's verdict-di-

recting instruction to the submitted defense of contributory negligence be made in such manner that the two instructions are not in conflict. In this case, as worded, the two instructions do conflict.

In view of the result we have reached it is neither necessary nor advisable to rule the other assignments of error presented by defendants in their brief. In a new trial, if held, plaintiff necessarily must proceed on a different theory. The parties will have the benefit of the contentions made in the briefs to this court and may be guided thereby if so advised.

For the prejudicial error in giving Instruction No. 6, the judgment is reversed and the cause remanded.

BOHLING and BARRETT, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.