Harry CHEEK and Julia Cheek, his wife, Plaintiffs-Appellants,

v.

Robert Dale WEISS, Defendant-Respondent.

No. 41658.

Missouri Court of Appeals, Eastern District, Division One.

Feb. 17, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 24, 1981.

Application to Transfer Denied June 8, 1981.

Charles W. Medley, Farmington, for plaintiffs-appellants.

Ben Ely, Jr., St. Louis, for defendant-respondent.

STEWART, Presiding Judge.

Action for wrongful death brought by the parents of their 47 year old daughter, who died as a result of an automobile accident. They appeal from the judgment entered on an adverse jury verdict.

Plaintiffs contend that the court erred (1) in admitting the testimony of Sergeant James of the Highway Patrol with respect to the speed of decedent's vehicle, (2) in giving a contributory negligence instruction based on § 304.011 RSMo 1969 because it did not use the exact words of the statute, because it failed to require a finding that the slow speed of decedent's vehicle was not necessary for its safe operation, and because there was no evidence to support a finding that traffic in the vicinity was impeded by decedent, and (3) in the order in which it gave the instruction defining "negligence."

Viewing the evidence in the light most favorable to defendant, the jury could have found the facts as follows: The accident occurred on Highway 67 in St. Francois County. The highway is a four lane concrete highway with ten foot shoulders on either side of the highway. There were no intersections, private drives, or cross overs near the scene of the collision. Decedent was driving her car north in the east lane of the highway. Her speed was no greater than ten to twenty miles per hour. From defendant's testimony the jury could have found that her car was stopped or barely moving. Defendant was also traveling north on Highway 67 in the east lane and to the rear of decedent. He was traveling at a speed of fifty to fifty-five miles per hour. He came up over a hill top and into a "dip" in the road. As he came out of the dip in the road he saw decedent's car going at a very slow rate of speed 100 to 150 feet ahead of him. He made an emergency application of brakes and skidded about 113 feet into the rear of decedent's automobile. Decedent died as a result of the collision.

Plaintiffs' verdict directing instruction postulated recovery upon the theories of failure to keep a careful lookout, failure to swerve, failure to stop, excessive speed and that defendant drove his car into the rear of decedent's automobile. Defendant countered with a converse of plaintiffs' submissions and also submitted a contributory negligence instruction based upon the slow travel of decedent.

Plaintiffs first contend that the court erred in permitting Sergeant James to testify as to his estimate of the speed of defendant's vehicle "because it was a conclusion of the witness in that he acknowledged that his estimate was not accurate."

Sergeant James of the Highway Patrol investigated the accident that resulted in the death of plaintiffs' decedent. He was called as a witness by plaintiffs and upon cross-examination he was asked,

"Q In your investigation you have estimated Defendant's speed at 50 to 55 miles an hour, have you not?"

The court sustained plaintiffs' objection to this question. The testimony then proceeded as follows:

"Q (By Mr. Ely) Well, let met ask you this, Sergeant. Did you make an estimate of my client's speed, Mr. Weiss' speed?

A Yes, sir, I did.

Q Did you base that estimate upon the skid marks that you had—among other things, upon the skid marks that you had found and measured leading up to where you found the debris?

A Partially on the skid marks and damage and where they went to after they hit, all this. You try to figure it. It's not accurate but it's the best you can do."

Defendant then developed evidence that the trooper had been trained in estimating speed; that he was required as part of his duties when investigating an accident to make an estimate of the speed of the vehicles involved. He had been making estimates of the speed on such cases for twenty-three years. In making the estimate he takes into consideration the skid marks made by the vehicles, the position of the vehicles after they come to rest and the extent of damage to the vehicles. He took all these matters into consideration in making an estimate of the speed of defendant's automobile. The witness was then asked:

"Q Now, based upon your experience and upon your observations at the scene, would you tell the jury what your estimate was of the Defendant's speed?

MR. MEDLEY: I would object on the basis it would be a conclusion.

MR. ELY: I think he's qualified to give his opinion, Your Honor, both by terms of experience and training. I'll be glad to show the Court a case on a police officer with similar training.

THE COURT: The objection is overruled. You may answer.

THE WITNESS: I estimated his speed at 50 to 55 miles an hour."

■ The only objection made by the plaintiffs was that the estimate of speed made by Sergeant James was a conclusion. No objection was made based upon the statement that "[i]t's not accurate but it's the best you can do." We must consider the issue upon the basis of the objection that was made before the trial court; it may not be enlarged upon appeal. *Ingle v. Illinois Central Gulf Railroad Co.*, 608 S.W.2d 76, 80 (Mo.App.1980). An objection on the ground that "it is a conclusion" can only be read as an attack on the qualifications of the witness. The very function of the qualified expert witness is to consider facts which are related to him in a hypothetical question, or which he has observed and give his conclusion or opinion based upon that information. In *Edwards v. Rudowicz*, 368 S.W.2d 503 (Mo.App.1963) a police officer who had been on the police force for eight years and was familiar with stopping distances of automobiles was permitted to testify as to his opinion of the speed of an automobile based upon skid marks. The court quoted from *Giambelluca v. Missouri Pacific Railroad Co.*, 320 S.W.2d 457, 463 (Mo.1959) that,

"An expert witness is one who by reason of education or specialized experience possesses superior knowledge respecting a subject about which persons having no particular training are incapable of forming an accurate opinion or of deducing correct conclusions. However, the expert's opinion, which the jury may accept, must not be a mere guess—it must be based upon facts and adequate data."

The determination of the qualifications of the witness and the admissibility of opinion evidence is a matter within the discretion of the trial court and we will not interfere unless it plainly appears that there has been an abuse of that discretion. *Edwards v. Rudowicz, supra.*

■ In this case, by reason of his education and experience, Sergeant James was qualified as an expert. His testimony as to the speed of the defendant's automobile was not a mere guess. The testimony following his comment, "[i]t's not accurate but it's the best you can do" indicates that his estimate of defendant's speed was an expert opinion based upon his education, experience and substantial evidence developed in

his investigation at the scene. *Denny v. Spot Martin, Inc.*, 328 S.W.2d 399, 405 (Mo.App.1959). We cannot say that the trial court abused its discretion in admitting this testimony into evidence. Further this evidence was merely corroborative of defendant's testimony that he was traveling at a speed of fifty to fifty-five miles per hour.

We would also point out that plaintiffs made no objection when Sergeant James testified that based upon the same facts developed in his investigation as set out above, the decedent's car was traveling at a speed of ten to twenty miles per hour.

■ The trial court did not err in admitting Sergeant James' testimony as to the speed of defendant's vehicle.

Plaintiffs' next contention concerns Instruction No. 4, a contributory negligence instruction that was given at the request of the defendant and reads:

"'Your verdict must be for defendant on plaintiffs' claim for damages if you believe:

First, plaintiffs' decedent Norma Jean Bingham drove her vehicle at such a slow speed as to impede the normal and reasonable flow of traffic, and

Second, plaintiffs' decedent Norma Jean Bingham was thereby negligent, and

Third, such negligence of plaintiffs' decedent Norma Jean Bingham directly caused, or directly contributed to cause any damage plaintiffs may have sustained.'

(MAI 32.01, subparagraph 1 modified)"

The instruction is based on § 304.011 RSMo 1969 which reads in part as follows:

"No person shall drive a motor vehicle at such a slow speed as to impede or block the normal and reasonable movement of traffic, except when reduced speed is necessary for safe operation or in compliance with law."

Plaintiffs' primary complaint is that the instruction did not require the jury to find that decedent's slow speed was not "necessary for safe operation [of her vehicle] or in compliance with law."

The case of *Lafferty v. Wattle*, 349 S.W.2d 519 (Mo.App.1961) discusses § 304.011 RSMo 1969 but does not address the issue presented by plaintiffs' first attack upon the instruction. Although many states have similar statutes, none of the cases involving such a statute have discussed the present issue.

■ We thus turn to general principles to aid us in our solution of this issue. Although *Lochmoeller v. Kiel*, 137 S.W.2d 625 (Mo.App.1940) was "[n]ot to be reported in State Reports" it has been frequently cited with approval.[1] The principle that we glean from that case is that when it is shown that a party to an action has violated a duty or fixed standard created by a statute or ordinance, a prima facie case of negligence or contributory negligence is made for the jury. It then devolves upon that party to show legal justification or excuse for failure to comply with the statute or ordinance. By way of example, the operator of an emergency vehicle that violates the provisions of a traffic ordinance or statute has the burden of proving that it was operating within the terms of the statute excusing emergency vehicles from violations of the traffic control laws under certain circumstances. *Robinson v. Gerber*, 454 S.W.2d 933, 938 (Mo.App.1970).

■ In the case at bar there was evidence that plaintiffs' decedent was either stopped or traveling at a slow rate of speed, no more than ten to twenty miles per hour, that defendant could not see decedent until he was within 100 to 150 feet of her car which was in the east traffic lane of the highway immediately in his path. There was sufficient substantial evidence to require the submission of a contributory negligence instruction on the basis of a violation of § 304.011 RSMo 1969. *Lafferty v. Wattle, supra.* It follows that the presump-

---

1. *Edwards v. Mellen*, 366 S.W.2d 317 (Mo. 1963); *Robinson v. Gerber*, 454 S.W.2d 933 (Mo.App.1970).

tion of due care on the part of the decedent, as urged by plaintiffs, is not applicable in this case. *Doyle v. St. Louis San Francisco Railway Co.*, 571 S.W.2d 717 (Mo.App.1978).

There is no evidence that the slow speed of decedent's vehicle was necessary for its safe operation or that such speed was in compliance with law. Plaintiffs failed to carry their burden of proving facts that would excuse or justify the statutory violation. *Lochmoeller v. Kiel, supra.* It would have been error to have submitted an instruction where there was no substantial evidence to support it. *Baker v. Brinker*, 585 S.W.2d 256, 258 (Mo.App.1979). The trial court did not err in giving Instruction No. 4 because it did not contain the exculpatory language of the statute.

Plaintiffs also contend that the court erred in giving Instruction No. 4 because there was no evidence that decedent's vehicle was traveling at such a slow speed as to impede or block traffic. The statute under consideration "is a legislative recognition of the fact that, under certain circumstances, dawdlers, as well as speeders, can become a menace to the safety of their fellow motorists." *Lafferty v. Wattle*, 349 S.W.2d at 528. *Lafferty* involved an accident in which the forward vehicle driven by defendant at a slow rate of speed was struck from the rear by a car in which plaintiff's decedent was riding. The road was a two lane highway straight and level with no other traffic in the vicinity. The lane to the left of the following vehicle was not occupied by oncoming traffic. The court there held that plaintiff made a submissible case and commented that "[t]raffic in the vicinity, other than the vehicles involved, is not necessary to make the statute applicable." 349 S.W.2d at 528. In the case at bar, as discussed above, there was evidence that plaintiffs' decedent was traveling at a very slow rate of speed and could not be seen by defendant until he was within 100 to 150 feet of her. Under this statute "the question of whether the speed involved is so slow as to block or impede normal and reasonable traffic is, broadly, one for the trier of the fact, when reasonable men could so find." *Lafferty v. Wattle, supra.* Under the circumstances of this case we are of the opinion that a jury could find that the decedent was traveling at such a slow speed as to impede normal and reasonable movement of traffic. The trial court did not err in submitting the issue.

Plaintiffs for the first time on appeal claim that Instruction No. 4 is erroneous because it uses the words "flow of traffic" rather than the statutory words "movement of traffic." Although not properly raised, the issue can be briefly covered. There is no specific MAI instruction available. It is sufficient if the instruction is couched in substantially the same language as the statute. *Rooney v. Lloyd Metal Products Co.*, 458 S.W.2d 561, 570 (Mo.1970). The word "flow" is synonymous with the word "movement."[2] The instruction is in substantially the same language as the statute. We thus find no merit to this contention.

Plaintiffs' final point is that MAI 11.02 (II) the definition of negligence was given out of order. The instruction was given as Instruction No. 6 and followed the burden of proof instruction, No. 5. Plaintiffs rely on *Crystal Tire Co. v. Home Service Oil Co.*, 525 S.W.2d 317 (Mo.1975). In that very complicated case the court held that the failure to give MAI 2.02 "Facts not assumed" out of the sequence mandated by the "Notes on Use" under that instruction was prejudicially erroneous. Neither Supreme Court Rule 70 nor any note on use mandates the order in which a burden of proof instruction is to be given. Under such circumstances the sequence in which instructions are to be given is largely within the discretion of the trial court. Plaintiffs have demonstrated no abuse of discretion or prejudice and we find none. See *Doyle v. St. Louis San Francisco Ry. Co.*, 571 S.W.2d 717, 724 (Mo.App.1978).

2. "Flow ... 3a: An easy smooth and uninterrupted progress or movement (as of thought, music, traffic)" Websters Third New International Dictionary.

Finding no error we affirm the judgment of the trial court.

WEIER and SNYDER, JJ., concur.