Adelina ACKERMAN: Ralph Robert Ackerman, by and through his Next Friend, Adelina Ackerman: Robert Charles Ackerman: Tammy Lee Ackerman: James Joseph Ackerman and Thomas Patrick Ackerman, by and through their Next Friend, Linda Ackerman, Plaintiffs-Appellants,

v.

Everett R. LERWICK, M.D., and Missouri Baptist Hospital, Defendants-Respondents.

No. 45935.

Missouri Court of Appeals, Eastern District, Division Four.

Sept. 4, 1984.

**320**

Daniel A. Raniere, St. Louis, for plaintiffs-appellants.

Joseph M. Kortenhof, John S. Sandberg, St. Louis, for defendants-respondents.

PER CURIAM.

Plaintiffs appeal from a judgment in favor of defendants in a wrongful death action based upon medical malpractice. The plaintiffs are the widow and five surviving children of Robert Ackerman. Defendant Lerwick was a surgeon who performed a vein-stripping operation on Ackerman for varicose veins. The jury returned a verdict for Lerwick on plaintiffs' submission that Lerwick failed to warn Ackerman of the danger of an embolism as a result of the surgery. The trial court directed a verdict in favor of Missouri Baptist Hospital on plaintiffs' claim that the hospital was negligent in obtaining Ackerman's consent to surgery. We affirm.

For his last twelve years Ackerman, 5 ft. 10 in. tall, weighing 280 pounds, had suffered from open sores on his feet which made walking painful. He was hospitalized in 1976 and 1977 and given bed rest at which time his condition improved. Upon each release from the hospital the condition returned. In October 1978, Ackerman and his wife saw Dr. Lerwick. He diagnosed Ackerman's problems as arising from varicose veins and recommended a vein-stripping operation. He warned Ackerman of risks from surgery, including death, but not specifically of the danger of pulmonary embolism, which he regarded as an insignificant risk from vein-stripping surgery. Ackerman had been treated in the past for thrombophlebitis. Ackerman agreed to the surgery and was admitted to the hospital in November 1978. A venogram was taken which reflected that the deep venous system was clear, a precondition to vein-stripping. A nurse took a consent-to-surgery form to Ackerman who signed the form after reading it. The surgery was essentially uneventful. Ackerman left the hospital to return home three days after the surgery. The next morning he died from a massive bilateral pulmonary embolism.

Plaintiffs utilized as an expert witness a Dr. Steven Schonberg, who testified by deposition. Dr. Schonberg is a licensed physician, a licensed lawyer, and operates a business which produces and sells consent forms to hospitals. His testimony will be discussed more fully as it becomes pertinent to the issues raised.

Plaintiffs initially contend that the trial court erred in directing a verdict for the hospital in that it negligently obtained the signature of Ackerman on the consent-to-surgery form. The hospital has no duty to inform the patient of the risks involved in surgery and the possible alternative methods of treatment merely be-

cause it furnishes the patient with the consent form. *Roberson v. Menorah Medical Center*, 588 S.W.2d 134 (Mo.App.1979). The duty to inform rests with the physician and requires the exercise of delicate medical judgment. The hospital is not required to interfere with the physician-patient relationship. *Roberson v. Menorah Medical Center, supra*, [1].

■ The form here stated: "The nature and purpose of the operation, possible alternative methods of treatment, the risks involved, and the possibility of complication have been fully explained to me. No guarantee or assurance has been given by anyone as to the results that may be obtained." In addition the consent in large letters stated that it had been read by the signatory and its contents explained to and are understood by the signatory. Ackerman read the consent form and signed it. He asked no questions and gave no indication of a lack of understanding. He was conscious, alert, of sound mind, and intelligent. We find no basis for concluding, as plaintiffs urge, that the hospital had a duty to make a further oral inquiry of Ackerman whether the risks had been explained to him. The form said they had been, Ackerman read the form and signed it. The hospital had no responsibility, therefore no duty, to further ascertain the accuracy of Ackerman's own representation. *Roberson v. Menorah Medical Center, supra*, [3].

■ This also disposes of plaintiffs' additional contention that the trial court erred in excluding the testimony of Dr. Schonberg regarding the acceptability of the method employed by the hospital in obtaining the consent to surgery. Duty is a matter of law. It is not established by an expert opinion of proper procedure; that evidence deals only with breach if a legally existing duty is present. That the method used does or does not conform to the procedures preferred by the doctor/lawyer Schonberg is not relevant to the presence or absence of duty. The testimony was properly excluded. The action of the trial court in directing a verdict for the hospital was correct.

■ In their appeal of the judgment in favor of Dr. Lerwick the plaintiffs raise several points. The first deals with the testimony of Dr. Schonberg which was excluded by the trial court. We find no error. Several of the questions and answers related to theories which were not submitted to the jury. The answers were frequently not responsive to the questions. Much of Dr. Schonberg's testimony was argumentative and reflected in some cases a legal opinion rather than a medical one. In addition, in each situation cited by plaintiffs there was other testimony of the witness covering the same subject matter making the excluded testimony cumulative and its rejection non-prejudicial. *Hicks v. Vieths*, 46 S.W.2d 604 (Mo.1931) [9]; *Schroeder v. Prince Charles, Inc.*, 427 S.W.2d 414 (Mo.1968) [9, 10]. In several cases the questions did not contain all facts necessary to authorize expression of an opinion. Plaintiffs contend that defendant bore the burden of stating what additional facts were required and in the absence of such statement the objection was waived. That rule applies where the trial court overrules an objection to a hypothetical question. *Blair v. Associated Wholesale Grocers, Inc.*, 593 S.W.2d 650 (Mo.App.1980) [7]. We know of no authority which requires a trial court to overrule an objection to an incomplete hypothetical question because opposing counsel did not supply the omitted facts. It was plaintiffs' obligation to posit a hypothetical question which contained all pertinent facts. Defendant had no burden to add facts in order to uphold the trial court's sustention. *Sneed v. Goldsmith*, 343 S.W.2d 345 (Mo.App.1961) l.c. 350. The trial court has broad discretion in the admission of expert testimony. *Sneed v. Goldsmith, supra*, [3]; *Edwards v. Rudowicz*, 368 S.W.2d 503 (Mo.App.1963) [4–7]. We find no abuse of that discretion here.

■ Plaintiffs next complain of certain testimony of Dr. Lerwick that he had talked to Ackerman's employer before seeing Ackerman and was told that Acker-

man's leg problems were a threat to his continued employment. It is contended that evidence was hearsay. Plaintiffs adduced considerable evidence from their expert that the surgery was unnecessary. Dr. Lerwick testified that vein-stripping surgery was the only permanent relief that could be afforded Ackerman. Plaintiffs had injected the "necessity" issue into the litigation and with it, of course, the judgment of Dr. Lerwick of that necessity. The statement complained of was not offered for its truth but to demonstrate the reasonableness of Dr. Lerwick's decision to recommend surgery. As such it was not hearsay. *Mash v. Missouri Pacific Railroad Co.*, 341 S.W.2d 822 (Mo.1960) [3]. Other evidence established that Ackerman was required to be on his feet all day in his employment and was having continuous intense pain resulting in two prior hospitalizations with no permanent relief. Plaintiff wife's testimony also corroborated that Ackerman was seeking help because of the difficulties encountered in his job. We find no error.

Plaintiffs further complain about defense counsel asking a spectator to stand during redirect examination of Dr. Lerwick. Plaintiffs' expert had opined that obese people were a greater risk as surgical patients and this should have caused Dr. Lerwick not to operate. Dr. Lerwick in his testimony challenged the premise. The following colloquy ensued:

"Q. People that are over-weight, have you performed this operation on people who are over-weight?

A. Many times.

Q. What kind of results have you had?

A. Excellent.

Q. Mr. Burger, would you stand up, please?

Mr. Raniere: I object, your honor
...."

Plaintiffs' contend in their brief that Mr. Burger stood and nodded. The record does not so reflect and we review the case on the record. The trial court denied a mistrial but instructed defense counsel to ask Dr. Lerwick about Mr. Burger. This was done without further objection, eliciting that Mr. Burger was 5 ft. 9 in. and weighed 300 pounds and had excellent results from the identical operation as that performed on Ackerman. Burger was tendered for cross-examination, which tender plaintiffs declined. We find no abuse of discretion in the denial of mistrial by the trial court or in its handling of the matter. On the record before us we find no error.

Plaintiffs' final point is that the trial court erred in denying their motion for new trial because the jury's verdict was not supported by substantial evidence. It was, of course, plaintiffs obligation to prove their case to a jury's satisfaction and a jury could return a verdict against plaintiffs even in the absence of any evidence contrary to that produced by plaintiffs. *Hart v. Steele*, 416 S.W.2d 927 (Mo.1967) [1–4]; *Owen v. Owen*, 642 S.W.2d 410 (Mo.App. 1982) [1–3]. In this case it is possible that the jury placed more credence in the testimony of Dr. Lerwick with 25 years experience in vascular surgery than it did in the testimony of plaintiffs' ubiquitous expert whose only experience with vein-stripping operations occurred no more than five times while he was an intern.

Judgment affirmed.

All concur.